## 4074. WILSON v. CLARK.

A. was indorser on a promissory note made by B., payable to C. The note matured and C. demanded payment. B. had no money with which to pay the note, and agreed with A. that if A. would pay it, he would turn over to A. a certain piano which was in his (B.'s) possession and to which he had title. A. paid the note, and B., in pursuance of his promise, turned the piano over to A. Subsequently one of B.'s creditors levied an attachment upon the piano as the property of B., and A. interposed a claim. *Held,* that in the absence of any evidence tending to show the existence of bad faith in the transaction between A. and B., a verdict for A. was demanded.

DECIDED JULY 23, 1912.

Appeal; from Catoosa superior court—Judge Fite. February 6, 1912.

*J. H. Anderson, Foust & Payne, Maddox, McCamy & Shumate,* for plaintiff in error.

*William E. Mann,* contra.

HILL, C. J. John Clark sued out an attachment and had it levied upon a certain piano, which was claimed by Wilson. On the trial of the claim case, on appeal, in the superior court, the jury returned a verdict finding the property subject to the attachment. The claimant's motion for a new trial was overruled, and he excepted. The evidence discloses that Wilson, the claimant, was

security on a promissory note made by one J. P. Roberts and payable to J. C. Bell, or order, for $167.45. The piano levied upon was the property of J. P. Roberts. After the note had matured and before the levy, Bell, the holder of the note, demanded payment of Roberts and his surety. Roberts was unable to pay the note, and agreed with Wilson, his surety, that if he would pay this note he would turn over the piano to him as compensation. Wilson paid the note and took it up, and Roberts thereupon gave Wilson an order for the piano. Wilson sent a wagon to Ringgold, to Roberts's home, to get the piano, and, while the piano was being moved from Roberts's house by Wilson's agent, sent for that purpose, it having been boxed by Wilson's agent and brought outside and placed on the porch of the house, the sheriff appeared with the attachment in favor of Clark and made his levy. These facts are undisputed. It thus appears that not only had the title of the piano passed to Wilson for a valuable consideration, but the piano was actually in the possession of Wilson's agent before the levy of the attachment was made; and it would seem that this uncontradicted evidence would have demanded a finding in favor of the claimant.

The trial judge charged the jury to the effect that if Wilson paid the note for Roberts in good faith and with no purpose to protect Roberts from his creditors, but "to protect himself and get the piano as a protection against having to pay the note, then it would be Wilson's property and not subject to the attachment," irrespective of whether there had been an actual delivery of the property to Wilson or not; but if, on the contrary, it was not done in good faith, but was done to protect Roberts against his creditors, the property would be subject, and it would also be subject if the purpose of Wilson in paying the note was to hinder and delay the creditors of Roberts. The latter part of this excerpt is excepted to on the ground that it was not authorized by the evidence. We think the objection is well founded. There is nothing in the evidence which indicates any scheme or combination on the part of Wilson and Roberts to defraud or delay the creditors of the latter. The suggestion, therefore, in this instruction, that the transaction between Wilson and Roberts might have been in bad faith and for the purpose of benefiting Roberts, raised an issue which was not in the case under the evidence and probably prejudiced the jury

against Wilson's claim. The view, however, which we take of the undisputed evidence makes this question immaterial. The verdict was demanded for the claimant 'and was returned for the plaintiff, and the claimant's motion for a new trial, for this reason, should have been granted.            *Judgment reversed.*